**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
WALDO FENNER,                    )
                                 )
        Plaintiff,               )
                                 )
    v.                           )      1:09CV977
                                 )
JOHN UMSTEAD HOSPITAL and        )
SUSAN REGIER,                    )
                                 )
        Defendants.              )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendants John Umstead Hospital and Susan Regier's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) (Docket Entry 7). For the reasons that follow, the instant Motion should be granted in part and denied in part.

Background

Plaintiff, proceeding pro se and in forma pauperis (see Docket Entries 2, 4), filed this action "pursuant to Title VII of the Civil Rights Act of 1964" (Docket Entry 2 at 1) and "under 42 U.S.C. § 1983" (id. at 4). The Complaint names as Defendants Plaintiff's former employer John Umstead Hospital and his apparent former supervisor Susan Regier. (See id. at 1; see also Docket Entry 12 at 1.) By way of the instant Motion, Defendants seek: (1) dismissal of the Title VII claim(s) as to Susan Regier because she is not an "employer" under Title VII (Docket Entry 8 at 4-6); (2) dismissal of all claims as to John Umstead Hospital because

Plaintiff failed to perfect service of process (id. at 6-7); and (3) dismissal of the Title VII claim(s) as to both Defendants because Plaintiff failed to attach a Right-to-Sue Letter to his Complaint (id. at 8-9). Plaintiff responded. (Docket Entry 12.) Defendants did not reply. (See Docket Entries dated Feb. 5, 2010, to present).

### Title VII Claim(s) against Susan Regier

The Complaint identifies Regier as "Unit Director of Nursing of ADATC/John Umstead Hospital" (Docket Entry 2 at 3) and Plaintiff's response brief identifies Regier as "a supervisor for John Umstead Hospital" (Docket Entry 12 at 1). Defendants contend that any Title VII claim(s) brought against Regier fails as a matter of law "because she is not an employer under Title VII." (Docket Entry 8 at 4.) Controlling authority supports Defendants' position in this regard. See Lissau v. Southern Food Servs., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to . . . conclude that supervisors are not liable in their individual capacities for Title VII violations."). Accordingly, the Court should dismiss the Title VII claim(s) brought against Regier.[1]

### Service of Process on John Umstead Hospital

Defendants next argue that "Plaintiff's claim against John Umstead Hospital should be dismissed for the failure of []

---

[1] Because the instant Motion did not address the viability of any Section 1983 claim(s) against Regier, she should remain a defendant at this time.

-2-

Plaintiff to properly serve [] Defendant according to the Federal Rules of Civil Procedure." (Docket Entry 8 at 6.) According to Defendants, Plaintiff "attempted service by way of US mail, addressed to John Umstead Hospital, but not addressed to a specific person." (Id. at 7; see also Docket Entry 10.) This method does not comport with the Federal Rules of Civil Procedure, which in this case require either "delivering a copy of the summons and of the complaint to [John Umstead Hospital's] chief executive officer," Fed. R. Civ. P. 4(j)(2)(A), or delivering or mailing a copy of the summons and complaint to the process agent appointed by John Umstead Hopsital, N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a); see also Fed. R. Civ. P. 4(j)(2)(B). However, given Plaintiff's pro se status, the Court should allow Plaintiff an opportunity to perfect service. See Miller v. Northwest Region Library Bd., 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004) (Beaty, J.) ("[P]ro se litigants are allowed even greater latitude [than litigants represented by counsel] to correct defects in service of process and pleadings."); accord Lisson v. ING GROEP N.V., 262 F. App'x 567, 571 (5th Cir. 2007); Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993).

### Right-to-Sue Letter

Finally, Defendants contend that because Plaintiff did not attach a copy of the requisite Right-to-Sue Letter to his Complaint, the Court should dismiss Plaintiff's Title VII claim(s). (Docket Entry 8 at 8.) In response to the instant Motion, Plaintiff stated that the Right-to-Sue Letter "was turned in, but

-3-

another copy can and will be provided" (Docket Entry 12 at 2), and, in fact, Plaintiff attached copy of the Right-to-Sue Letter to that Response (see Docket Entry 12-2).[2] In light of Plaintiff's representation to the Court, his subsequent filing of the Right-to-Sue Letter, and the failure of Defendants to note any continuing dispute by way of a reply, the Court should consider this aspect of the instant Motion moot.

## Conclusion

Plaintiff cannot maintain a Title VII claim against an individual supervisor. With respect to Defendants' other bases for dismissal, the Court should afford Plaintiff an opportunity to correct his defects in service of process on John Umstead Hospital and should treat as moot any contention regarding Plaintiff's Right-to-Sue Letter.

**IT IS THEREFORE RECOMMENDED** that Defendants John Umstead Hospital and Susan Regier's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) (Docket Entry 7) be granted in part and denied in part in that the Court should dismiss Plaintiff's Title VII claim(s) against Susan Regier, but that the Court should afford Plaintiff an opportunity to perfect service of process on John Umstead Hospital and should consider as moot Defendants' arguments regarding Plaintiff's Right-to-Sue Letter in light of Plaintiffs' subsequent filing of said Letter (Docket Entry

---

[2] The attached Right-to-Sue Letter bears a date of October 15, 2009 (see Docket Entry 12-2 at 1) and Plaintiff filed the instant action on December 21, 2009 (see Docket Entry 2), within the 90-day filing period for a Title VII claim, see 42 U.S.C. § 2000e-5(f)(1).

12-2), which the Clerk should docket as an attachment to the Complaint (Docket Entry 2).

                                                        /s/ L. Patrick Auld
                                                           **L. Patrick Auld**
                                            **United States Magistrate Judge**

February 19, 2013