IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WALDO FENNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  1:09CV977 |
| JOHN UMSTEAD HOSPITAL and | ) |
| SUSAN REGIER, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

In this employment discrimination case, Defendant John Umstead Hospital ("JUH"), a former institution of the State of North Carolina, moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. 35.) Plaintiff Waldo Fenner, proceeding *pro se*, opposes the motion. (Doc. 39.) For the reasons stated below, JUH's motion will be granted and the case will be dismissed.

### I. BACKGROUND

Fenner filed his complaint on December 21, 2009, alleging he was terminated and retaliated against by JUH and Defendant Susan Regier, Unit Director of Nursing at JUH, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). (Doc. 2.) On March 18, 2013, this court, adopting the Recommendation of the United States Magistrate Judge, dismissed the Title VII claim against Regier on the

ground that she was not an "employer" under Title VII. (Docs. 14, 19.) In addition, the court found that Fenner had failed to properly serve JUH with the summons and complaint and allowed him until May 1, 2013, to perfect service of process on JUH. (Doc. 19 at 1-2.)[1] On June 14, 2013, JUH, claiming that Fenner failed to properly effect service, filed the instant motion to dismiss along with an answer. (Docs. 35, 37.)

JUH claims that service was defective because its registered agent for service of process, Emery E. Milliken, did not receive a copy of the summons along with the complaint, as required by Federal Rule of Civil Procedure 4. Its position is supported by the affidavit of Rose Thompson, the Administrative Secretary for Legal Affairs at the North Carolina Department of Health and Human Services (the "Department"), who was responsible for opening Milliken's mail. (Doc. 35-1 ¶¶ 3-6.) Thompson states that she received a copy of the complaint in this case via certified mail on April 8, 2013, but that the summons was not included in the envelope. (Id. ¶ 8.) She affixed an intake stamp on the complaint and then logged and filed it according to Department procedures. (Id. ¶ 9.) Another employee of the Department, Susan Broadwell, testifies

---

[1] JUH was originally served by the United States Marshals Service via certified mail in January 2010. (Doc. 10.) The Magistrate Judge determined, among other things, that service was ineffective because the mailing was not addressed to a particular person at JUH, but rather to "Registered Agent." (Doc. 14 at 3.)

2

in her affidavit that as part of her official duties she examined the log, which contained an entry indicating that the complaint had been served on Milliken but no entry concerning the summons. (Doc. 35-2 ¶¶ 7-8.)

JUH also argues that attempted service on J. Michael Hennike, Chief Executive Officer of Central Regional Hospital ("CRH"), was ineffective for two reasons. First, Hennike is not a proper party to be served; he is an officer of CRH, a separate corporate entity from JUH. Second, JUH relies on the affidavit of Kelly Breedlove, Executive Assistant to Hennike, which states that on April 8, 2013, she opened an envelope addressed to Hennike that contained only a copy of the complaint (and not a summons) in this case. (Doc. 35-3 ¶¶ 6-7.) Consequently, JUH argues that service of process on it was defective.

Fenner claims that he properly served the summons on JUH by serving Milliken and Hennike as agents. In support, he relies on proofs of service that appear on page two of each summons and state that Fenner served the summonses on each person on April 8, 2013. (Doc. 28.) The proofs of service are each dated April 16, 2013, and signed by Fenner. (Id.) Attached to the proofs of service are two United States Postal Service certified mail-return receipts: the Milliken receipt is stamped received by the "mail service center" on April 8, 2013; the Hennike receipt

3

is signed as received by Larry D. Williams on April 8, 2013. (Id.)

Finally, Fenner argues that JUH's motion to dismiss is untimely because it was filed over a month after the time to perfect service of process had expired and over two months after he alleges proper service occurred. (Doc. 39 at 1.)

**II. ANALYSIS**

Where service is challenged, the plaintiff bears the burden of proving that service was proper. Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). Fenner claims that he properly served JUH by two different methods: service on Hennike, and service on Milliken.

**A. Service on Hennike**

JUH argues that Hennike is not a proper person to accept service of process on behalf of JUH. JUH has provided admissible evidence that Hennike is the Chief Executive Officer of a separate entity, CRH, in Butner, North Carolina. (Doc. 35-3 ¶ 3.) There is no evidence on the record that Hennike was an officer of JUH. Hennike was also not listed as JUH's registered agent. (Doc. 35-1 ¶ 10.)

JUH was a hospital formerly under the control of the North Carolina Department of Health and Human Services. (Doc. 35-1 ¶ 10.) Under North Carolina law, the Department of Health and Human Services is considered an "agency of the State." N.C.

4

Gen. Stat. § 1A-1, Rule 4(j)(4)(d) (defining "agency of the State" to include "every . . . department . . . of the State of North Carolina."). Federal Rule of Civil Procedure 4(j)(2) provides two ways to serve a state or local government or "any other state-created governmental organization": a plaintiff may either "deliver[] a copy of the *summons and of the complaint* to its chief executive officer," or "serv[e] a *copy of each* in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B) (emphasis added). Under North Carolina Rule of Civil Procedure 4(j)(4)(a), service on a state agency is made by serving its process agent. Service may be made by certified mail, return receipt requested. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a). Under the federal rules and North Carolina rules, both the summons and complaint must be served. Fed. R. Civ. P. 4(c)(1); N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a).

Based on the above, Fenner has not established that Hennike was authorized to accept service on behalf of JUH. He was not JUH's registered agent, nor is there any evidence that he was an officer of JUH. Therefore, Fenner's attempted service on him was not effective to serve JUH.[2]

---

[2] Even if Hennike were the proper agent for service of JUH, the service was defective for failure to include a copy of the summons, as explained infra.

5

**B. Service on Milliken**

The parties do not dispute that Milliken was a proper person to serve in this case on behalf of JUH.[3] Therefore, the only issue as to her is whether service of process was proper under Rule 4. More precisely, if the summons was included with the complaint, service was proper under Rule 4(j)(2); if not, it was insufficient.

A plaintiff must produce *prima facie* evidence that service was proper. J & J Sports Productions, Inc. v. Santillan, No. 1:11CV1141, 2012 WL 2861378, at *4 (M.D.N.C. July 11, 2012). "Normally the process server's return will provide a *prima facie* case as to the facts of service." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil 3d § 1353, at 343 (3d ed. 2004); see also Ngabo v. Le Pain Quotidien, Civ. A. No. DKC 11-0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011). If a plaintiff produces such evidence, the burden shifts to the defendant to provide "strong and convincing evidence of insufficient process." Hollander v. Wolf, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (quoting O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)). A defendant may rely on affidavits

---

[3] Fenner states in his response brief: "[a]ccording to state paper work Attorney Milliken is the representing attorney for [JUH]." (Doc. 39 at 4.)

denying the validity of service, and the plaintiff may present counter-affidavits and even depositions or oral testimony. See Wright & Miller, supra, § 1353, at 344–45; Hollander, 2009 WL 3336012, at *3.

Here, Fenner cannot satisfy his *prima facie* burden. Although he has provided a signed copy of the proofs of service appearing on page two of the summonses (Doc. 28 at 2) as well as signed U.S. Postal Service certified mail-return receipts and a copy of the summons allegedly delivered along with the complaint (Doc. 39 at 9), Fenner's timeline of events is factually impossible. His proofs of service represent that the summonses were served on Milliken and Hennike on April 8, but no summons was issued by the clerk until April 19. It was therefore impossible for the summons to have been served before April 19. Because Fenner offers no *prima facie* evidence of proper service after the summons was issued, he cannot satisfy his burden and the court concludes that service of process was insufficient.

More problematic for Fenner, JUH has also provided strong and convincing evidence of insufficient service of process. JUH's affidavits, combined with Fenner's evidence and the docket entries, demonstrate that Fenner failed to include an executed summons with the complaint served on either Milliken or Hennike. There is no other proof by Fenner that he ever served, or attempted to serve, a *valid* summons on JUH. Consequently, it is

7

clear that Fenner has failed to serve JUH with process, and service of process was therefore insufficient.[4]

C. **Timeliness**

Fenner argues that JUH has waived its Rule 12(b)(5) defense because it waited until over a month after the court's May 1, 2013 deadline (until June 14, 2013) to move to dismiss. A motion to dismiss for insufficient service of process must be filed before a responsive pleading. Fed. R. Civ. P. 12(b). Additionally, Rule 12(h)(1) provides that the defense is waived if not included in a prior motion to dismiss or in a responsive pleading. Generally, this means that the 21-day period for serving a responsive pleading provides the time limit for making a Rule 12(b)(5) motion. Fed. R. Civ. P. 12(a)(1)(A)(i). However, a responsive pleading is only required once a defendant has been properly served with the summons and complaint. Id. Because Rule 12 does not provide a specific deadline for asserting it, the insufficiency of service defense is waived if not asserted in a reasonably timely fashion. See, e.g., Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs., 775 F. Supp. 133,

---

[4] It appears that Fenner served the complaint himself by certified mail. (Doc. 28.) Even where state rules permit service by certified mail, Federal Rule of Civil Procedure 4(c)(2) requires that service be conducted by a nonparty. See Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (quashing service because plaintiff personally mailed the summons and complaint); Pitts v. O'Geary, No. 5:13-CV-116-D, 2014 WL 229350, at *4 (E.D.N.C. Jan. 21, 2014). Insofar as JUH has not raised this defect, however, the court does not consider it.

8

136 (S.D.N.Y. 1991). Here, it was reasonable for JUH to wait until June 14, 2013, to file its motion to dismiss. The delay provided Fenner a reasonable time to perfect service and allowed JUH a reasonable time after the court-ordered deadline to assess whether proper service had in fact been made. Therefore, the court concludes that JUH did not waive its insufficiency of service defense.

In addition, dismissal is warranted under the court's inherent power to enforce its own orders. Fenner has failed to comply with the court's March 18, 2013 Order directing him to perfect service on JUH by May 1, 2013. See <u>United States v. Merrill</u>, 258 F.R.D. 302, 308 (E.D.N.C. 2009) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 631–33 (1962)). This case began over four years ago and has failed to progress past the pleadings stage. Fenner failed to serve JUH properly once already, and in deference to his *pro se* status, the court allowed him an additional opportunity to correct the deficiencies in his original attempt to serve process. (<u>See</u> Doc. 14 at 2–3; Doc. 19 at 1–2.) In doing so, the Magistrate Judge specifically pointed out Fenner's need to serve a copy of the summons and the complaint in order to properly serve JUH. (Doc. 14 at 3.) Even on notice of his prior failure to properly serve JUH and with the proper procedure spelled out for him, Fenner again failed to comply with Rule 4.

*Pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process, Miller v. Nw. Region Library Bd., 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004), but that latitude is not unlimited, Lee v. Henderson, 75 F. Supp. 2d 591, 596 (E.D. Tex. 1999) (finding pendency of case for two years and plaintiff's knowledge that service was being challenged sufficient reason to deny *pro se* plaintiff further latitude when he failed to correct the defect). Thus, the court exercises its inherent power to dismiss the case for failure to obey the court's March 18, 2013 Order.

JUH requests that dismissal be with prejudice. (Doc. 35 at 2.) Federal courts have the inherent power to dismiss a case with prejudice for failure to comply with a court order. See Gantt v. Md. Div. of Corr., 894 F. Supp. 226, 229 (D. Md. 1995) (citing Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)). Because a dismissal with prejudice is a "harsh sanction which should not be invoked lightly," district courts should generally consider four factors: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Davis, 588 F.2d at 70 (internal

quotation marks omitted). This is not a rigid test; the propriety of a dismissal should rest on the particular circumstances of the case. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

Here, Fenner is entirely responsible for failing to properly serve JUH, even after the Magistrate Judge explained the proper procedure for doing so. JUH has been defending this action for four years, and the conduct complained of dates back to 2006. A further extension of the service deadline introduces yet further delay, with attendant fading of memories and loss of access to witnesses and evidence. While Fenner's back-to-back failures to properly serve JUH may not have been deliberate, the most recent comes after the court granted him an extension, specifically laid out for him the need to serve a valid summons with the complaint, and warned him that a failure to properly effect service would result in dismissal of his claims against JUH. (Doc. 14 at 2-3; Doc. 19 at 2.) *Pro se* litigants are entitled to some deference from the courts, but "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard, 882 F.2d at 96 (noting district court's prior warning of potential dismissal as factor).

In carefully assessing all these factors, the court concludes that dismissal with prejudice is the only adequate

remedy.  See T.W. v. Hanover Cnty. Pub. Schs., 900 F. Supp. 2d 659, 667–68 (E.D. Va. 2012); Daniel v. Lab. Corp. of Am., No. 1:09CV279, 2009 WL 1954931, at *2 (M.D.N.C. July 6, 2009). Therefore, the complaint against JUH will be dismissed with prejudice.[5]

**III. CONCLUSION**

For the reasons set forth above,

IT IS THEREFORE ORDERED that JUH's motion to dismiss for insufficient service of process (Doc. 35) is GRANTED and the complaint against JUH, and this action, is DISMISSED WITH PREJUDICE.

/s/   Thomas D. Schroeder
United States District Judge

January 23, 2014

---

[5] The court recognizes that even a dismissal without prejudice may present statute of limitations problems for Fenner at this late date. The United States Equal Employment Opportunity Commission mailed Fenner a right-to-sue letter on October 15, 2009.  Title VII requires that a civil action be commenced within 90 days of receipt of the right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  When a complaint is timely filed and later dismissed, the statute of limitations is not tolled by the original timely filing, so a dismissal without prejudice would not benefit Fenner.  See Quinn v. Watson, 145 F. App'x 799, 800 n.* (4th Cir. 2005) (unpublished) (citing Minnette v. Time Warner, 997 F.2d 1023, 1026–27 (2d Cir. 1993)).

12